## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES C. STRADER,

      **Plaintiff,**

      v.                             **CASE NO. 22-3054-SAC**

STATE OF KANSAS, et al.,

      **Defendants.**


## O R D E R

Plaintiff, James C. Strader, who is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, brings this pro se civil rights case.  Plaintiff's allegations in his Complaint are largely incomprehensible but appear to allege he was wrongly convicted through false testimony and manufactured evidence.  (Doc. 1, at 4.)  Plaintiff also alleges food poisoning through food allergy diet and "false label of convictions."  *Id*.  Plaintiff also claims "rape with use security tool," wrongful death, and medical malpractice  *Id*. at 4–6.  Plaintiff seems to claim that staff, state officials, military personnel, KDSE union workers, state judges and prosecutors, the State of Kanas, and the State of Colorado appeals judges, were all involved.  *Id*. at 6. Plaintiff alleges that military personnel used "mind dust labs tech" and "smart dust."  *Id*. Plaintiff continues to make arguments about his criminal trial and claims he is innocent.  *Id*. at 10.  Plaintiff's request for relief states that he must be discharged/pardoned from all of his false convictions and "barred from any further prosecution and awarded civil settlement to include new perfect credit and identity name of his choosing that has career his choosing—that still may be a family name."  *Id*. at 11–12.

1

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.  *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"  *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury.[2]  Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.  Plaintiff is given time to pay the full $402.00

---

[1] Prior to filing the instant complaint on March 22, 2022, the court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Strader v. Reno County District Court*, Case No. 20-3001-SAC (dismissed for failure to state a claim on March 9, 2020) (Doc. 27) (D. Kan.); *Strader v. Werholtz*, Case No. 19-3102-SAC (dismissed for failure to state a claim on October 4, 2019) (Doc. 61) (D. Kan.), *appeal dismissed*, Case No 19-3242  (appeal dismissed as frivolous) (10th Cir. Dec. 30, 2019).

[2] The Court notes that Plaintiff's claims appear to be frivolous and he has been advised in prior cases that he cannot attack his conviction in a civil rights action.

district court filing fee[3] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Plaintiff has also filed a Motion to Appoint Indigent Counsel (Doc. 5) and a Motion to Vacate and Release From Sentence (Doc. 6).[4]  These motions are denied without prejudice to refiling if Plaintiff submits the filing fee in this case.

 **IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 3, 4) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Indigent Counsel (Doc. 5) and a Motion to Vacate and Release From Sentence (Doc. 6) are **denied without prejudice** to refiling if Plaintiff submits the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 8, 2022,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated March 22, 2022, in Topeka, Kansas.**


                                                  **s/ Sam A. Crow**
                                                  **SAM A. CROW**
                                                  **U. S. Senior District Judge**

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

[4] The Court notes that the captions on both motions contain "In the United States District Court of Kansas" as well as "In the Court of Appeals of the State of Kansas."  It is unclear whether the motions were intended to be filed as motions in this case or as exhibits.  Plaintiff refers to himself as "appellant" in the motions.